UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Keith S. Fox,  Case No. 3:14 CV 2728

    Petitioner,  JUDGE JAMES G. CARR

  v.

                                            OPINION AND ORDER

Neil Turner,

    Respondent.

*Pro se* Petitioner Keith S. Fox filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated in the North Central Correctional Complex, having been convicted on March 4, 1989, of two counts of rape of a child under thirteen years of age by use of force or threat of force. In his Petition he claims: (1) his sentence is not valid under Ohio Revised Code § 2929.11; and (2) he was denied due process and subjected to cruel and unusual punishment when the trial court refused to correct his sentence. He seeks an Order requiring him to be re-sentenced.

**I. Background**

On November 18, 1988, Petitioner was indicted by the Huron County Grand Jury on two counts of rape of a child under the age of thirteen, through the use of force or threat of force, and one count of gross sexual imposition. A jury found him guilty on both rape charges on March 3, 1989, and on both counts, found he purposely compelled the victim to submit by force or threat of force.

He was sentenced on March 8, 1989, to two concurrent life sentences. He was also adjudicated as a sexual predator under Megan's Law.

Petitioner indicates he appealed his conviction to the Ohio Sixth District Court of Appeals. He states he raised three ground for relief: (1) the trial court erred by not granting a mistrial when the state introduced a statement not previously provided during discovery; (2) the trial court erred in admitting the testimony of a children's services worker; and (3) the jury's verdict was against the manifest weight of the evidence. The Court of Appeals affirmed his conviction on March 16, 1990. He did not appeal that decision to the Supreme Court of Ohio.

Petitioner waited twenty-three years, and then filed a post conviction Motion to Correct Sentence in the trial court on June 3, 2013, asking the court to correct his "illegal sentence." The court denied the Motion on August 21, 2013, finding it did not set forth good cause for granting the requested relief.

Petitioner appealed that decision to the Ohio Sixth District Court of Appeals. He asserted two assignments of error:

> 1. The trial court erred when it denied Appellants [sic] Motion to Correct an Illegal Sentence, as the Appellant does not have a valid sentencing entry that would give him finality in his sentence, violating the mandates of RC 2929.11(B)(1)(a) as/is in effect in 1989.
>
> 2. The trial courts [sic] denial of Appellants [sic] Motion to Correct an Illegal Sentence denied him due process of law as protected under Article One, Section Sixteen of the Ohio Constitution, and the Fifth and Fourteenth Amendments to the United States Constitution; illegal sentence allowed to stand is tantamount to cruel and unusual punishment, violating the Eighth Amendment of the United States Constitution.

*See State of Ohio v. Fox*, No. H-13-022, 2014 WL 2178726 (Ohio App. 6 Dist. May 23, 2014). The Court of Appeals affirmed the decision of the trial court, stating that Petitioner misread Ohio

Revised Code § 2929.11, and ignored the plain language of Ohio Revised Code § 2929.07 which mandated imprisonment for life for any offender who violates Ohio Revised Code § 2929.07(A)(1)(b) and "purposefully compels the victim to submit by force or threat of force." *Id.* at 1. The Court also held that because the sentence was not illegal, the trial court did not deny Petitioner due process and did not subject him to cruel and unusual punishment. Petitioner did not appeal this decision to the Supreme Court of Ohio.

## II. Habeas Petition

Petitioner has now filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He asserts two grounds for relief:

> 1. The Petitioner was not sentenced to a proper sentence following the guidelines that are used in all criminal cases in Ohio.
>
> 2. Due Process of law was not followed when the sentencing court refused to correct Mr. Fox's illegal sentence. Letting this sentence remain is tantamount to cruel and unusual punishment.

(Pet., Doc. 1 at 6-10). In support of his first ground for relief, Petitioner claims Ohio Revised Code § 2929.11 in effect in 1989 permitted maximum sentences up to twenty-five years. He contends this language is mandatory, not discretionary. In support of his second ground for relief, he claims that the trial court's failure to correct his sentence when the statutory maximum was brought to their attention denied him due process. He further claims that to allow the sentence to stand when he has demonstrated the error, amounts to cruel and unusual punishment. He asks this Court to order the State of Ohio to resentence him to the statutory maximum of twenty-five years under Ohio Rev. Code § 2929.11, or release him.

### III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must

be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

### IV. Procedural Barriers to Habeas Review

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797

(6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained

state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a Petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

To determine if a claim is procedurally defaulted the Court must determine whether: (1) there is a state procedural rule that is applicable to the Petitioner's claim and that the Petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a Petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented

to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

### V.  Analysis

Petitioner's claims are procedurally defaulted.  Petitioner asserted his habeas claims on appeal in the Ohio Sixth District Court of Appeals; however, he did not appeal that decision to the Supreme Court of Ohio.  Under the state procedural mechanism, the Supreme Court of Ohio has jurisdiction over timely appeals which are exercised within 45 days of entry of the state appellate court's decision.  *See* Ohio S.Ct Prac.R. II § 2(A)(1).  The Court of Appeals issued its decision on May 23, 2014.  His 45 days to file an appeal to the Supreme Court of Ohio have expired.  The Ohio Supreme Court may in its discretion take jurisdiction over untimely direct appeals of felony convictions upon motion for leave to file a delayed appeal pursuant to Ohio S.Ct.Prac.R. II § 2(A)(4)(a).  This would not be a direct appeal of Petitioner's conviction, but rather a discretionary appeal of the denial of a motion.  The Rule does not allow for delayed appeals which are not direct appeals of a felony conviction.  Petitioner has no procedural avenue available to him to exhaust his grounds for relief in the Supreme Court of Ohio.

If Petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of his claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for him to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived.  *See O'Sullivan*, 526 U.S. at 847-48; *Harris v. Reed*, 489 U.S. 255, 260-62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989).  If, because of a procedural default, Petitioner has not

had his claims considered by the state's highest court on the merits and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 484. Such factors may include interference by officials, attorney error rising to the level of ineffective assistance of counsel, and a showing that the factual or legal basis for a claim was not reasonably available. *Hargrave–Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)). To establish prejudice, Petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The Petition does not suggest any factor external to the defense precluded him from appealing this decision to the Supreme Court of Ohio. He does not suggest any reason why he did not appeal that decision. He therefore has not established cause for the default.

Furthermore, he has not established prejudice that resulted from his failure to appeal to the Supreme Court of Ohio. As the Court of Appeals stated, Petitioner's sentence was authorized by another section of the Ohio Revised Code which mandated "imprisonment for life for an offender who violates R.C. § 2929.07(A)(1)(b) and 'purposely compels the victim to submit by force or threat

of force.'" Ohio Revised Code § 2929.07(B). Petitioner was convicted of violating Ohio Revised Code § 2929.07(A)(1)(b) and the jury found specifically that he did so through the use of force or threat of force. As his second claim is based on the success of his first claim, it fails if the first claim fails. Petitioner does not have a viable claim under Ohio law. He has not demonstrated prejudice.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495-96). Petitioner does not claim he is innocent of the offenses underlying his conviction. Instead, he argues Ohio law required him to be sentenced to no more than twenty-five years, not life imprisonment. There is no suggestion that a fundamental miscarriage of justice occurred as a result of this procedural default.

Finally, even if Petitioner did exhaust his claims to the Supreme Court of Ohio, they would not be cognizable in a federal Habeas Corpus Petition. While he attempts to characterize his claims in terms of a denial of due process, the substance of his claims centers on the interpretation of Ohio's sentencing laws and the relationship between Ohio Revised Code §§ 2929.07(B) and 2929.11(B)(1)(a). It is not appropriate for a federal habeas court sitting in review of a state-court judgment to second guess a state court's decision concerning matters of state law. *Gall v. Parker*, 231 F.3d 265, 303 (6th Cir. 2000) ("Principles of comity and finality equally command that a habeas court can not revisit a state court's interpretation of state law, and in particular, instruct that a habeas court accept the interpretation of state law by the highest state court on a Petitioner's direct appeal."). *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001). Claims, such as those presented

here, that based solely on an error of state law are not redressable through the federal habeas process. *Norris v. Schotten*, 146 F.3d 314, 328-29 (6th Cir. 1998).

## V. Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

  s/James G. Carr
JAMES G. CARR
SR. UNITED STATES DISTRICT JUDGE